UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

E.R., a minor, and OLGA ALCANTARA,
as her next friend and on her own behalf,

*Plaintiffs,*

vs.

MARCO JASSO #1888;
JOSE RIVAS #2985;
RICARDO VILLAGRAN #2882;
and JANE DOE;

*Defendants*.

_____/

Case No.

Hon.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiffs, E.R., a minor, and OLGA ALCANTARA, as her next friend and on her own behalf, by and through her attorneys, complaining of Defendants, and respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil rights action in which the Plaintiff seeks relief for the violation of her rights secured by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments.

2. Jurisdiction of this Court is found upon 28 U.S.C. § 1331.

3. The events that give rise to this lawsuit took place on the 800 block of Pueblo Street El Paso, Texas.

4. Venue is appropriate in the Western District of Texas pursuant to 28 U.S.C § 1391(b) since the individual Defendant Officers are employees of El Paso County and the acts

1

providing the legal basis for this complaint occurred in the City of El Paso, County of El Paso, State of Texas.

## PARTIES

5. Plaintiff, OLGA ALCANTARA ("Plaintiff"), the parent and guardian of E.R., is a law-abiding citizen of the United States and a resident of the City of El Paso, County of El Paso, State of Texas.

6. Plaintiff, E.R. ("E.R."), a minor, is an eighteen-year-old law-abiding citizen of the United States and a resident of the City of El Paso, County of El Paso, State of Texas. E.R. was sixteen years old at the time of the incident described herein.

7. Defendant, MARCO JASSO ("Sergeant Jasso") is employed by the City of El Paso as a sergeant and supervisory police officer in the El Paso Police Department, and was acting under the color of state law.

8. Defendant, JOSE RIVAS ("Rivas") is employed by the City of El Paso as a police officer in the El Paso Police Department, and was acting under the color of state law.

9. Defendant, RICARDO VILLAGRAN ("Villagran") is employed by the City of El Paso as a supervisory police officer in the El Paso Police Department, and was acting under the color of state law.

10. Defendant, JANE DOE, ("Doe") is employed by the City of El Paso as a police officer in the El Paso Police Department, and was acting under the color of state law.

11. The individual Defendants, Jasso, Rivas, Villagran, and Doe, whenever referred to collectively, will be referred to as the individually named "Defendant Officers".

12. Defendants, Officer Villagran and Officer Jasso, stated to Plaintiff that they were supervisory level police officers and will be treated herein as supervisory officials acting in their supervisory capacity and under the color of law.

13. On or about November 26, 2016 at the time of the events alleged in this Complaint, all the individually named Defendants Officers were at all times each acting in their individual capacities, within the course and scope of their employment as police officers and/or agents employed by the City of El Paso and under the color of law.

## FACTUAL BACKGROUND

14. On November 26, 2016, E.R. was walking near her home on the 800 block of Pueblo Street in El Paso, Texas.

15. While she was walking, Officer Rivas approached her for no identifiable reason and asked for her identification.

16. E.R. responded that she wanted her mother present before proceeding further.

17. Officer Rivas immediately knocked E.R.'s phone out of her hands, kicked her in the left shin, grabbed her by her hair and forcefully threw her to the ground. He proceeded to put his knee into her chest and elbow her in the face.

18. E.R., a minor female, did not display any illegal, threatening, aggressive or noncompliant behavior and was not a threat to Defendant Officers safety by any means whatsoever.

19. E.R. asked why she was being arrested and Officer Rivas did not answer her question.

20. Officer Rivas handcuffed E.R. and placed her in the back of his police car.

21. While handcuffed and in the car, a female officer then invasively searched E.R.'s undergarments and removed her house key from inside of her bra.

22. The female officer gave the key to Officer Rivas.

23. E.R. was detained in the police car for over an hour.

24. No lawful basis existed for Officer Rivas to arrest and/or detain E.R.

25. The unlawful arrest and detainment of E.R. was done in blatant violation of the Fourth Amendment.

26. No lawful basis existed for the officers to search E.R.'s person and/or undergarments.

27. The unlawful search and seizure of E.R. was done in blatant violation of the Fourth Amendment.

28. One of the two police car's present at the scene left while E.R. was still detained.

29. The second police car drove to E.R.'s home with the key they found in her bra.

30. Sergeant Marco and Officer Villagran were in the police car that left the scene and arrived at E.R.'s home.

31. Ms. Alcantara, E.R.'s mother, was in the shower when the officers arrived.

32. The officers used the key they took from E.R. to enter the back door of Ms. Alcantara's home while she showered.

33. Ms. Alcantara was confronted by the officers when she exited the shower.

34. Ms. Alcantara asked for their supervisor and the officers responded that they were the supervisors.

35. Sergeant Marco and Officer Villagran unlawfully entered and searched the home without permission, a warrant, or probable cause.

36. Ms. Alcantara then left her home and went to the scene where her daughter was detained.

37. Despite being told by a supervisory officer that her daughter was not arrested, E.R. was still detained and/or arrested when Ms. Alcantara arrived at the scene.

38. Ms. Alcantara provided E.R.'s personal information to the officers and called an ambulance.

39. E.R. was taken by ambulance to the University Medical of El Paso at 4815 Alameda Avenue, El Paso, Texas 79905, where she received treatment for the injuries sustained from the unwarranted force used by Officer Rivas.

40. E.R. sustained injuries to her knees, wrists and cheek from the unnecessarily aggressive and forceful handling from Officer Rivas.

## COUNT I
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (Fourth Amendment - Unlawful Stop / Arrest)

*(Against Defendants Rivas and Villagran)*

41. Plaintiffs incorporates herein all the prior allegations.

42. The Fourth Amendment requires police officers to possess sufficient reasonable suspicion before stopping an individual to investigate criminal activity.

43. The Fourth Amendment requires police officers to possess sufficient probable cause before placing a criminal suspect under arrest.

44. At all times relevant, E.R. had a clearly established right to liberty, including her right to personal safety and bodily integrity, as well as protection from unlawful stops and interrogations, unlawful seizure, unnecessary force, unreasonable force pursuant to the Fourth Amendment to the United States Constitution.

45. At all times relevant, as police officers acting under color of law, Defendant Officers were required to obey the laws of the United States.

46. Defendant Officers intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently stopped, detained, handcuffed, and/or arrested E.R. without a warrant or any lawful basis.

47. E.R., a minor, was handcuffed and detained by Defendant Officers for requesting her mother's presence before submitting to random questioning on the street.

48. After being handcuffed, E.R. was escorted inside the police car, was not free to leave and was therefore arrested and/or detained.

49. E.R.'s arrest was based on Defendant Officers' knowing, deliberate, and reckless disregard for the truth as the Defendant Officers had no knowledge of any fact or circumstance which would lead a reasonable person to believe that E.R. committed any offense, whatsoever.

50. Defendant Officers intentionally arrested E.R. and/or had her arrested with the intention of confining her within the fixed boundaries of the police car, and kept her confined in their custody for over an hour before releasing her without charging her with a crime. Additionally, Defendants conduct in arresting and confining E.R. deprived her of her liberty without her consent, reasonable suspicion, probable cause, legal justification, just cause, or any other legally valid reason.

51. All the aforementioned acts deprived E.R. of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

52. The acts complained of were carried out by the aforementioned individual Defendant Officers in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

53. Defendants Officers' actions constituted an unlawful arrest and/or detainment of E.R.

54. As a proximate result of the illegal and unconstitutional acts of the Defendants, E.R. was harmed and suffered damages for her physical, mental, and emotional injuries and pain, mental anguish, humiliation, and embarrassment.

### COUNT II
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment – Excessive Force)

*(Against Defendant Rivas)*

55. Plaintiffs incorporates herein all the prior allegations.

56. E.R. suffered injuries as described herein as a direct result of the excessive and unnecessary force used by Defendant Rivas.

57. As discussed herein, Defendant Rivas kicked E.R. in the left shin, grabbed her by her hair and forcefully threw her to the ground. He proceeded to put his knee into her chest and elbow her in the face.

58. The above-described physical attack on E.R. was without legal justification.

59. The force used was objectively unreasonable and not proportional as E.R., a 16-year old female, did not display any criminal, threatening, or aggressive behavior whatsoever to necessitate the use of any force.

60. At all times relevant, E.R. had a clearly established right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment to the United

States Constitution, including her right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force, and excessive force pursuant to the Fourth Amendment to the United States Constitution.

61. At all times relevant, as police officers acting under color of law, Defendant Rivas was required to obey the laws identified under the Fourth and Fourteenth Amendments of the United States.

62. In violation of E.R.'s clearly established constitutionally-protected right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution, Defendant Rivas employed unnecessary, unreasonable, and excessive force against E.R., thereby inflicting personal injuries upon her.

63. All the aforementioned acts deprived E.R. of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

64. The acts complained of were carried out by the Defendant Rivas in his capacity as police officer, with the entire actual and/or apparent authority attendant thereto.

65. Defendant Rivas' actions constituted excessive force in the arrest and/or detainment of E.R.

66. As a proximate result of the illegal and unconstitutional acts of the Defendants, E.R. was harmed and suffered damages for her physical, mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

**COUNT III**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**(Fourth Amendment - Unlawful Search)**

### *(Against Defendant Jane Doe)*

67. Plaintiffs incorporates herein all the prior allegations.

68. The Fourth Amendment requires police officers to possess sufficient probable cause or reasonable suspicion before searching a criminal suspect.

69. Defendant Doe intentionally, knowingly, and maliciously, recklessly, unreasonably, and/or gross negligently searched E.R.'s person without a warrant or any lawful basis.

70. Defendant Doe exceeded the bounds of a pat down based on reasonable suspicion of criminal activity when she removed a key from inside of E.R.'s bra without any lawful basis.

71. Defendant Doe searched Plaintiff's person in violation of the Plaintiff's Fourth Amendment rights.

72. At all times relevant, E.R. had a clearly established right to liberty, including unlawful search pursuant to the Fourth Amendment to the United States Constitution.

73. At all times relevant, as a police officer acting under color of law, Defendant Doe was required to obey the laws of the United States.

74. The acts complained of were carried out by Defendant Doe in her capacity as a police officer, with the entire actual and/or apparent authority attendant thereto.

75. In violation of E.R.'s clearly established constitutionally-protected right to be free unreasonable search and seizure without due process of law under the Fourth Amendments to the United States Constitution, Defendant Doe unlawfully searched E.R.'s undergarments.

76. As a proximate result of the illegal and unconstitutional acts of the Defendant, E.R. was harmed and suffered damages for her mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

## COUNT IV
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment - Unlawful Seizure of Key)

*(Against Defendant Jane Doe)*

77. Plaintiff incorporates herein all the prior allegations.

78. The Fourth Amendment requires police officers to possess sufficient probable cause before seizing the property of a criminal suspect.

79. Defendant intentionally, knowingly, and maliciously, recklessly, unreasonably, and/or gross negligently seized E.R.'s key without a warrant or any lawful basis.

80. At all times relevant, E.R. had a clearly established right to liberty, including unlawful seizure pursuant to the Fourth Amendment to the United States Constitution.

81. At all times relevant, as police officers acting under color of law, Defendant was required to obey the laws of the United States.

82. The acts complained of were carried out by Defendant in her capacity as a police officer, with the entire actual and/or apparent authority attendant thereto.

83. In violation of Plaintiff's clearly established constitutionally-protected right to be free from punishment and deprivation of life, liberty, and property without due process of law under the Fourth Amendments to the United States Constitution, Defendant unlawfully seized Plaintiff's property.

84. As a proximate result of the illegal and unconstitutional acts of the Defendant, Plaintiff was harmed and suffered damages for her mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

## COUNT V
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment – Unlawful Entry / Search)

*(Against Defendants Jasso and Villagran)*

85. Plaintiffs incorporates herein all the prior allegations.

86. The Fourth Amendment requires police officers to possess a warrant supported by sufficient probable cause, emergency circumstances, or consent, to enter a private residence.

87. Defendant Officers intentionally, knowingly, and maliciously, recklessly, unreasonably, and/or gross negligently entered and searched Plaintiff's home without a warrant, probable cause, emergency circumstances, consent or any other legally valid reason.

88. Defendant Officers entered and searched Plaintiff's home in violation of Plaintiff's Fourth Amendment rights.

89. At all times relevant, Plaintiff had a clearly established right to liberty, including unlawful entry and search of a private home pursuant to the Fourth Amendment to the United States Constitution.

90. At all times relevant, as a police officer acting under color of law, Defendant Officers were required to obey the laws of the United States.

91. The acts complained of were carried out by Defendant Officers in their capacity as police officers, with the entire actual and/or apparent authority attendant thereto.

92. In violation of Plaintiff's clearly established constitutionally-protected right to be free unreasonable search and seizure without due process of law under the Fourth Amendment to the United States Constitution, Defendant Officers unlawfully entered and searched Plaintiff's home.

93. As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages for her mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

## COUNT VI
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (Fourth Amendment – Supervisory Liability)

### *(Against Defendants Jasso and Villagran)*

94. Plaintiffs incorporate herein all prior allegations.

95. A supervisory official is liable under 42 U.S.C. § 1983 if he affirmatively participates in the alleged violations or implements unconstitutional policies that result in constitutional violations.

96. At all times relevant, Plaintiffs had a clearly established right to liberty, including unlawful seizure, unlawful arrest and/or detainment, unlawful entry and search of private residence pursuant to the Fourth Amendment of the United States Constitution.

97. At all times relevant, Defendant Officers were acting under the color of law in their actions and omissions and, per their own admissions, were acting as supervisory officers with the entire actual and/or apparent authority attendant thereto.

98. Defendant Villagran affirmatively participated in the unlawful stop, detention and arrest of E.R.

99. Both Defendant Officers affirmatively participated in the unlawful entry and search of Plaintiff's home.

100. The acts complained of were carried out by Defendant Officers in their capacity as supervising police officers, all under the supervision of the ranking officers of said department.

101. In violation of E.R.'s clearly established constitutionally-protected right to be free from unreasonable searches and seizures without due process of law under the Fourth Amendment to the United States Constitution, Defendant Villagran unlawfully arrested and/or detained E.R.

102. In violation of Plaintiff's clearly established constitutionally-protected right to be free from unreasonable searches without due process of the law under the Fourth Amendment to the United States Constitution, Defendant Officers unlawfully entered and searched Plaintiff's private residence.

103. As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiffs were harmed and suffered damages for their physical, mental, emotional injuries and pain, mental anguish, humiliation, and embarrassment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, E.R., a minor, and OLGA ALCANTARA, as her next friend and on her own behalf, demand judgment and prays for the following relief, jointly and severally, against all Defendants:

a. Full and fair compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorney's fees and costs of this action; and

d. Any such other relief as appears just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all triable issues, per Fed. R. Civ. P. 38(b).

Respectfully Submitted,

Dated: October 8, 2018

*/s/ Brandon J. Grable*
Brandon J. Grable (SBN 24086983)
Attorney for Plaintiffs
1603 Babcock Rd, Suite 118
San Antonio, TX 78229
Phone: (210) 963-5297
brandon@G2.law

*/s/ Solomon M. Radner*
Solomon M. Radner (*pro hac vice to be applied for*)
EXCOLO LAW, PLLC
Attorney for Plaintiffs
26700 Lahser Road, Suite 401
Southfield, MI 48033
(248) 291-9712
sradner@excololaw.com

*/s/ Conrad J. Benedetto*
Conrad J. Benedetto, Esquire (*pro hac vice to be applied for*)
Law Offices of Conrad J. Benedetto
Attorney for Plaintiffs
1233 Haddonfield Berlin Rd, Suite 1
Voorhees, NJ 08043
Phone: (856) 500-2727
cjbenedetto@benedettolaw.com