UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **E.R.**, *a minor with Olga Alcantara as her next of friend*, **and** **OLGA ALCANTARA**, *on her own behalf*, § § § § *Plaintiffs*, § v. § § **MARCO JASSO,** § **JOSE RIVAS, and** § **RICARDO VILLAGRAN,** § § *Defendants.* § | | EP-18-CV-00298-DCG |

## ORDER DENYING MOTION TO CONDUCT IN-PERSON STATUS CONFERENCE *VIA* TELECONFERENCE

After the Court issued an Order resetting the in-person status conference in this case to September 13, 2023,[1] Plaintiff Olga Alcantara emailed the Clerk of Court's office a letter that (among other things) asks the Court to reconsider its decision to hold the status conference in person rather than *via* videoconference.[2] As far as the Court can tell, Ms. Alcantara didn't cc: Defendants' Counsel on that email.[3] The Court therefore forwarded the letter to all attorneys of record and admonished Ms. Alcantara for the third time that, with exceptions not applicable here, the Court's ethical rules forbid the Court from considering "*ex parte* communications"—that is, informal communications from litigants made outside their opponents' presence.[4]

---

[1] Order Rescheduling Status Conf., ECF No. 163.

[2] Letter, ECF No. 164, at 2.

[3] *See id.*

[4] CODE OF CONDUCT FOR U.S. JUDGES Canon 3(A)(4).

Plaintiffs' attorneys remain designated as Plaintiffs' counsel of record in this case because the Court won't let them withdraw until the Court holds the in-person status hearing and impresses upon Plaintiffs "their obligations and responsibilities to litigate this case to its conclusion in accordance with applicable laws, rules, court orders, and procedures" if they choose to proceed to trial without counsel.[5]  Thus, to fulfill their remaining ethical duties as Plaintiffs' counsel of record, Plaintiffs' attorneys filed Plaintiffs' letter on the docket as if it were a formal motion.  The Court thus construes that letter as a motion to reconsider the Court's decision to hold the hearing in person rather than *via* videoconference.

Having so construed the Motion, the Court **DENIES** it.  The Court has already stated that it "will not consider requests to hold the hearing *via* videoconference because the Court deems it important to discuss the" outstanding issues in this case "in person and in the same courtroom in which the Court will conduct the trial."[6]

The Court recognizes that traveling to El Paso may pose a significant financial burden on Plaintiffs.[7]  But Plaintiffs will have to travel to El Paso to participate in the pretrial conference and trial in person in any event.  The need for Plaintiffs to start familiarizing themselves with the way the Court conducts business in its physical courtroom outweighs whatever extra costs an in-person status conference will add to the travel expenses that Plaintiffs already need to incur to try this case.

---

[5] *See* Order Rescheduling Status Conf. at 4.

[6] *Id.* at 5.

[7] *See* Letter at 2 ("I please ask the court to allow us a video conference due to recent sudden financial issues.  We both have not resided in El Paso or Texas in over 2 years. . . . [I]t will become a severe financial burden that can result in possible homelessness to fly round trip, room and board, etc.").

The Court therefore **REAFFIRMS** its decision to hold the September 13, 2023 status conference **IN PERSON**.

The Clerk of Court shall **EMAIL** a copy of this Order to:

Olga Alcantara
olgazel1133@gmail.com

Evelyn Ramirez
ramirez_evelyn48@yahoo.com

**So ORDERED and SIGNED this 22nd day of August 2023.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**