# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **CARLOS RAMIREZ** *as Guardian of the Person and Estate of Evelyn Ramirez*, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | EP-18-CV-00298-DCG |
| **MARCO JASSO,** *#1888*; **JOSE RIVAS,** *#2985*; **RICARDO VILLAGRAN,** *#2882*; and **JANE DOE,** | § § § § | |
| *Defendants*. | § § § § | |

## ORDER

On March 21, 2025, the Court dismissed Ms. Alcantara's claims with prejudice due to her repeated *ex parte* communications with the Court. Dismissal Order, ECF No. 198. Ms. Alcantara then asked the Court to reconsider its Order dismissing her claims. Mot. Recons., ECF No. 205. In a detailed Order, the Court denied her Motion for Reconsideration. Order Denying Mot. Relief, ECF No. 207.

Now, Ms. Alcantara files a "Motion to Reinstate Plaintiff Status and Clarify Standing" (ECF No. 208) and "Protective Notice of Objection to Proposed Settlement and Motion to Preserve Constitutional Claims Pending Appeal" (ECF No. 211). In her filings, Ms. Alcantara primarily reiterates the same arguments as she set forth in her Motion for Reconsideration. The Court will not readdress these issues.

For the first time, Ms. Alcantara now challenges the Probate Court's Order appointing Mr. Ramirez as Evelyn Ramirez's permanent guardian. Mot. Preserve Constitutional Claims, ECF No. 211, at 3–4. Ms. Alcantara, however, cannot challenge the validity of a state court judgment in

federal court because such challenges are prohibited by the *Rooker-Feldman* doctrine. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citations omitted). The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus., Corp.*, 544 U.S. 280, 284 (2005). Thus, Ms. Alcantara's attempt to attack the state court judgment is improper. *See Hill v. Washburne*, 953 F.3d 296, 306 (5th Cir. 2020) (finding plaintiff's request to have state probate court issue a new order was barred under *Rooker-Feldman* doctrine).

Accordingly, the Court **DENIES** Ms. Alcantara's "Motion to Reinstate Plaintiff Status and Clarify Standing" (ECF No. 208) and **DENIES** "Protective Notice of Objection to Proposed Settlement and Motion to Preserve Constitutional Claims Pending Appeal" (ECF No. 211).

Ms. Alcantara is no longer a party to this case and the Court will not entertain any further filings from her. Any further relief should be sought via the appellate process.

The Clerk of Court shall EMAIL a copy of this Order to:

Olga Alcantara
olgazel1133@gmail.com

**So ORDERED and SIGNED this 20th day of May 2025.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**