UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **CARLOS RAMIREZ** *as Guardian of the Person and Estate of Evelyn Ramirez*, <br><br>*Plaintiff*, <br>v. <br><br>**MARCO JASSO,** *#1888*; **JOSE RIVAS,** *#2985*; **RICARDO VILLAGRAN,** *#2882*; and **JANE DOE,** <br><br>*Defendants*. | § § § § § § § § § § § § § § EP-18-CV-00298-DCG |

**OPINION AND ORDER**

The Court previously dismissed Olga Alcantara claims against Defendants with prejudice in the above-captioned case. Dismissal Order, ECF No. 198. Ms. Alcantara now seeks leave to appeal *in forma pauperis*. Mot. Proceed Forma Pauperis, ECF No. 215.

**I.      Legal Standard**

Federal Rule of Appellate Procedure 24 provides that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." FED. R. APP. P. 24(a)(1). In order for a district court to grant an application to proceed *in forma pauperis* before the Fifth Circuit, the applicant must attach an affidavit that: (1) "shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;" (2) "claims an entitlement to redress;" and (3) "states the issues that the party intends to present on appeal." *Id.* (a)(1)(A)–(C).

The IFP statute is "designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citation omitted). Whether a

plaintiff can proceed *in forma pauperis* is based on their financial resources. *Watson v. Ault*, 525 F.2d 886, 890–91 (5th Cir. 1976) (plaintiff's *in forma pauperis* affidavit must "demonstrate economic eligibility"). "Whether a party may proceed IFP in the district court is based solely upon economic criteria." *Bell v. Child.'s Protective Servs.*, 506 F. App'x 327, 327 (5th Cir. 2013) (citation omitted). The focus is on "whether the movant can afford the costs without undue hardship or deprivation of the necessities of life." *Id.* (citing *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948)). Whether to permit or deny an applicant to proceed in *forma pauperis* is within the sound discretion of the District Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

## II.     Discussion

Courts consider the cost of the filing fee, which the fee for filing a Notice of Appeal is $605. U.S. Ct. of Appeals for the Fifth Cir., *United States Courts of Appeals Fees Information*, https://www.ca5.uscourts.gov/forms-fees/fees/fee-schedule (last visited May 27, 2025). As a starting point for determining whether an IFP applicant can bear the costs, courts often consider whether the applicant's income is above or below the United States Department of Health and Human Services' ("HHS") poverty guidelines. *E.g.*, *Nesby v. All Com. Floors*, No. 4:22-CV-167-P (BJ), 2022 WL 1037453, at *1 (N.D. Tex. Mar. 8, 2022); *McKinley v. County of Fresno*, No. 1:21-cv-00754-NONE-SAB, 2021 WL 3007162, at *1 (E.D. Cal. July 15, 2021). An IFP applicant's income relative to the poverty guidelines, however, is not dispositive; courts must place that information in the context of the applicant's overall financial resources. *McKinley*, 2021 WL 3007162, at *1 ("[T]he poverty guidelines should not be considered in a vacuum; rather, courts are to consider income in the context of overall expenses and other factors, including savings and debts.").

Ms. Alcantara provides that she receives a monthly income of $1843.09 per month. Mot. Proceed Forma Pauperis, ECF No. 215, at 4. She further provides that she has monthly expenses totaling $1795.76. *Id.* at 5. The applicable poverty guideline for a single-person household is $15,650 annually. *See* Poverty Guidelines, *HHS Poverty Guidelines for 2025*, HHS, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited May 27, 2025). Ms. Alcantara's income is above the federal poverty guideline at roughly $22,177 annually. Mot. Proceed Forma Pauperis, ECF No. 215, at 4. Nonetheless, given her monthly expenses and lack of savings, the Court finds that she lacks sufficient resources to pay the notice of appeal filing fee and allows her to proceed on appeal *in forma pauperis*. *See id.* at 5 (stating that she has $50 in a savings account). Ms. Alcantara satisfies the first requirement by showing that she is unable to pay the fees and costs for her appeal.

Further, while Ms. Alcantara does not specifically indicate that she believes she is entitled to redress in her Motion, this can be inferred from the face of her application and from her previous filings. *See* Mot. Reconsideration, ECF No. 205; *see also* Notice, ECF No. 211. She thus satisfies Rule 24's second requirement. Lastly, Ms. Alcantara indicates that she plans to appeal this Court's Dismissal Order (ECF No. 198) and Order Denying her Motion for Reconsideration (ECF No. 207), satisfying Rule 24's final requirement.

### III. Conclusion

**IT IS ORDERED** that Ms. Alcantara's "Motion to Proceed in Forma Pauperis on Appeal" (ECF No. 215) is **GRANTED.**

The Clerk of Court shall **FORWARD** a copy of this order to the Clerk for the United States Fifth Circuit Court of Appeals.

The Clerk of Court shall **EMAIL** a copy of this Order to:

Olga Alcantara
olgazel1133@gmail.com

**So ORDERED and SIGNED this 27th day of May 2025.**

_____
**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**